By the Court,

Savage, Ch. J.
In the case of Strong v. Smith, 2 Cowen, 28, the court say, that at nisi prius the defendant could not avail himself of the general issue, as the whole matter appears on the record. Probably the record in that case did show the fact that the action then before the court was a' suit brought for the same cause of action as the suit before the justice. Here that fact is averred by the plaintiff, and 'denied by the defendant; it did not appear, therefore, upon the record, and upon the record it was a question of fact to be decided by the jury. Before the revised statutes, the defendant was bound to rely in the court above upon his-plea of title’ *208 which he had put in before the justice. He may now plead any plea showing that the title to lands will come in question» or may plead the general issue, and give notice" to that effect; an<l such plea and notice may be joined with any other proper plea to the action.
When a suit is discontinued before a justice on the ground of a plea of title being delivered, a suit may be prosecuted in the common pleas for the same cause of action. “ And the , plaintiff in such suit shall declare only for the same cause of action whereon he relied before the justice; and the plea, or plea and notice of the defendant shall be the same which he tendered to the justice.” 2 R. S. 237, § 64. The intention of the legislature was, that the same issue joined before the justice should be tried in the common pleas. Hence the plaintiff is as much bound by his declaration as the defendant is by his plea. If, therefore, the plaintiff declares in the common pleas for a cause of action different from that contained in his declaration before the justice,' and the defendant puts in other pleas, and the parties go down to trial upon such pleadings, the suit should be regarded as an original suit, and not a continuation of the- suit before the justice. Such was the case of Percy v. Parsons, in Rensselaer common pleas, 2 Wendell, 647, where the plaintiff new assigned in the common pleas, and the defendant pleaded the general issue to the new assignment. The cause was tried upon the new assignment and general issue. We held it could not be considered a continuation of the suit before the justice, but an original suit, and the question of costs did not depend upon the fact of title having been pleaded before the justice. It was said in this case, by Mr. Justice Nelson, that the identity of the cause of action should not be put in issue, but that if either party departs from the issue joined before the justice, that is a matter to be corrected by a special motion. Such was the motion in Strong v. Smith, 2 Cowen, 28. There is no other way in which the object of the legislature can be attained.
'The object of the present motion is to require the defendant to abide by the plea put in by him before the justice. The defendant does not object, provided the plaintiff is confined to the declaration which he presented in the justice’s court. That *209 also is proper, and required by the statute. A difficulty here presents itself growing out of the practice of pleading orally before justices. It is agreed by the affidavits on both sides that the declaration was general, and that the defendant’s counsel required a more specific description of the locus in quo. None was however given in writing; and the counsel who joined the issue do not agree as to the verbal description which was given, though both were informed by their clients as to the location of the premises upon which took place the alleged trespass. The necessity of a written declaration, and of a particular description of the premises where title is pleaded, is manifest, from the situation in which this cause is now placed. If the plaintiff declares verbally, the justice should write down the description of the premises ; otherwise the title may never be tried. Under the pleadings in this case the defendant may show title to any lands in Blooming Grove, and must prevail; but that will prove nothing as to the real dispute between these parties. Leave should be given to the plaintiff to amend his declaration, by inserting the true description of the premises, as stated by parol before the justice. If the description he shall give be incorrect, the defendant may move to set it aside ; if stated correctly, the defendant must be confined to his plea of title.