Samuel P. Fox, as Commissioner, etc., Respondent, v. The Erie Preserving Company, Appellant.

The provision of the Code of Civil Procedure (§ 2957) providing that where a new action is brought in a court of record after the discontinuance of an action before a justice of the peace, because of a plea of title, the complaint must be for the same cause of action only as that relied upon be-

fore the justice, does not prohibit the plaintiff from making such cause of action perfect by inserting in the complaint new allegations necessary for that purpose.

Where, therefore, the action in the justice's court was against a corporation, but the complaint therein contained no allegation that defendant was a corporation, *held*, that the insertion of such an allegation in the complaint in the new action brought in the Supreme Court was proper.

(Submitted June 5, 1883 ; decided June 12, 1883.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, made the second Tuesday of June, 1882, which reversed an order of Special Term striking out an allegation in the complaint.

The nature of the action, the allegation stricken out and the material facts are set forth in the opinion.

*Wm. W. Hammond* for appellant. The Court of Appeals has jurisdiction to hear and determine the appeal from this order of the General Term. (Clause 5, sub. 2, § 190, Code of Civil Pro.) When there is a departure in the pleadings in the Supreme Court from those in the justice's court, the proper remedy is by motion to strike out the objectionable matter ; but if the parties acquiesce in such variance, the cause will be treated as an original action in that court. (*Tuthill* v. *Clark*, 11 Wend. 642 ; Code of Civil Pro., §§ 545, 1775, 2957 ; 1 Wait's Actions and Defenses, 10 ; *Brotherton* v. *Wright*, 15 Wend. 237 ; *Dorman* v. *Long*, 3 How. Pr. 59.)

*Torrence & Allen* for respondent. The statute requiring the plaintiff to complain for the same cause of action only upon which he relied before the justice does not tie the plaintiff up to the exact form of words that he used before the justice, but only confines him to the same substantial cause of action. (*Wiggins* v. *Talmadge*, 7 How. 405–406 ; *People, ex rel. Proctor*, v. *Albany Com. Pleas*, 19 Wend. 123 ; *Tuthill* v. *Clark*, 12 id. 207.) Great latitude is allowed in pleadings in courts of justice of the peace, where this action was commenced and the courts construe them liberally. (*Ross* v.

*Hamilton*, 3 Barb. 609 ; *Willard* v. *Bridge*, 4 id. 361 ; *Resseque* v. *Brownson*, id. 541 ; *Evans* v. *Williams*, 60 id. 346.) After an issue of fact it is too late to raise any objection which might have been raised by demurrer, or by objection before answer. (*Hillard* v. *Austin*, 17 Barb. 131 ; *Hall* v. *McKechnie*, 22 id. 244 ; *Andrews* v. *Thorp*, 1 E. D. S. 615 ; *Monteith* v. *Bash*, id. 412.)

Earl, J. This action was commenced by the plaintiff as commissioner of highways, in a justice's court, to recover a penalty for obstructing an alleged highway. The defendant pleaded title and then this action was commenced in the Supreme Court. The complaint in the justice's court contained no allegation that the defendant was a corporation. The complaint served in the Supreme Court was identical with that before served, except that it contained the allegation " That the defendant is a corporation duly incorporated under the laws of the State of New York."

The defendant moved at the Special Term to strike out this allegation, and the motion was granted. The plaintiff then appealed to the General Term, and there the order of the Special Term was reversed, and then it appealed to this court.

The Code (§ 2957) provides as follows : " In the new action to be brought after an action before a justice is discontinued by the delivery of an answer and an undertaking, as prescribed in the last six sections of this act, the plaintiff must complain for the same cause of action only, upon which he relied before the justice ; and the defendant's answer must set up the same defense only which he made before the justice."

This section prohibits the plaintiff from alleging in the Supreme Court a new cause of action, or one different from that alleged before the justice ; but it does not prohibit him from making the cause of action upon which he there relied perfect by such new allegations as are needed for the purpose. (*Wiggins* v. *Tallmadge*, 7 How. Pr. 405 ; *Tuthill* v. *Clark*, 12 Wend. 207 ; *The People*, *ex rel. Proctor*, v. *Albany Com. Pleas*, 19 id. 123.) Here the cause of action relied on before

Statement of case.

the justice was the penalty incurred by the obstruction of the highway, and that is the cause of action alleged in the Supreme Court.   The allegation that the defendant is a corporation is no part of the cause of action, but simply relates to the character or capacity of the defendant.

The order should be affirmed, with costs.

All concur.

Order affirmed.