ROTHSCHILD *et al. v.* GRAND TRUNK RY. CO.

(*Supreme Court, General Term, Fifth Department.* June 2, 1891.)

1. PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.

    A complaint which states a contract on the part of a common carrier to convey a passenger and his trunks from one point to another, for a valuable consideration, and in the same count alleges an injury to plaintiff's trunks, caused by defendant's negligence, is not demurrable as stating two causes of action,—one a breach of contract, and the other a tort,—such statement constituting in fact but one cause of action.

2. CORPORATIONS—FOREIGN OR DOMESTIC—PLEADING.

    The provision of Code Civil Proc. N. Y. § 1775, which requires a pleading to state whether a party is a corporation or not, and, if a corporation, whether a domestic or foreign corporation, must be availed of by motion, and not by demurrer to a complaint.

    Affirming 10 N. Y. Supp. 86.

Appeal from special term, Monroe county.

Action by Bernard Rothschild and another against the Grand Trunk Railway of Canada. From an interlocutory judgment overruling a demurrer to the complaint defendant appeals. For former report, see 10 N. Y. Supp. 36.

Argued before DWIGHT, P. J., and MACOMBER, J.

*George F. Brownell,* for appellant. *David Hays,* for respondents.

MACOMBER, J. There are three counts set forth in the complaint, the first of which is that, on or about the 27th day of April, 1889, the defendant, for a valuable consideration, agreed with the plaintiffs to carry from Detroit, Mich., to Rochester, N. Y., two trunks, containing goods of the value of $1,000, belonging to the plaintiffs; but that the defendant so negligently carried such property that the same was lost, and not delivered to the plaintiffs. The second count is, in substance, that in violation of the agreement of the foregoing date, under an arrangement to transport the same from Detroit to Buffalo, the defendant so negligently carried the trunks that their contents, together with the trunks themselves, were destroyed at the city of Hamilton, on the line of the defendant's railroad. The third count is a statement of the same matter, under allegations that the agreement was to carry one Herman Kern as a passenger, together with the same trunks, from Detroit to Buffalo. A demurrer was interposed to each count upon the ground that two causes of action had been improperly united,—one being upon a contract, and the other for injuries to personal property; and, secondly, that the court had no jurisdiction of the subject of the cause of action; third, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled at special term, with permission to the defendant to answer on terms, and an interlocutory judgment was accordingly entered, and from that judgment this appeal is taken. In our judgment the demurrer is untenable. There is but a single cause of action stated in each count. The complaint is put upon the ordinary ground that the defendant, owing a duty to the plaintiffs by reason of its undertaking, negligently violated that contract to the damage of the plaintiffs. This constitutes a cause of action solely for the negligence of the defendant. In any event, as was stated by the learned justice at the special term, the supposed two causes of action arose out of the same transaction, and consequently it is not improper to allege the facts in relation thereto. Code Civil Proc. § 484, subd. 9. The defendant, being a common carrier, owed a duty to the plaintiffs to transport the trunks and their contents, under the agreement, safely to their destination, and in failing to do so a cause of action has arisen to which it must respond. As a matter of argument it is further urged under the allegation that the complaint does not state facts sufficient to constitute a cause of action; that the pleading is defective and demurrable under section 1775 of the Code of Civil Procedure, which requires the pleading to state whether the party is a corporation or not, and, if a corporation, whether it is a domestic or foreign corporation, and, if a foreign corporation, to allege the state, county, or government by or under whose laws it was created. We fully concur in the reasoning of the court to the contrary of this contention in the case of *Furniture Co.* v. *Grumme,* 10 Civil Proc. R. 176. If any advantage can be taken of the omission to allege the corporate character of the defendant, the same is not available by demurrer, though it may be reached by motion. The interlocutory judgment appealed from should be affirmed.