(8 Misc. Rep. 7.)

FRASER et al. v. GRANITE STATE PROVIDENT ASS'N et al.

(Superior Court of New York City, General Term.   April 2, 1894.)

FOREIGN CORPORATIONS—ACTIONS—AVERMENT OF DOMICILE.

Under Code Civ. Proc. § 1775, providing that a complaint by or against a corporation must state whether it is a domestic or foreign corporation, and, if the latter, the country under whose laws it was created, a complaint which alleges merely that defendant "is a foreign corporation" is sufficient on demurrer, as the omitted averment is merely formal, and the objection can be taken only by motion.

Appeal from special term.

Action by Louis E. Fraser and another against the Granite State Provident Association, impleaded. From an order sustaining a demurrer from interlocutory and final judgments entered thereon, plaintiffs appeal. Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

D. M. Porter, for appellants.
Philip Carpenter, for respondent.

GILDERSLEEVE, J.   Plaintiffs allege in their complaint that the defendant Granite State Provident Association "is a foreign corporation." This defendant corporation demurred to the complaint upon the ground "that it does not state facts sufficient to constitute a cause of action against said defendant." The court below sustained the demurrer upon the ground that plaintiffs omitted to allege the state, country, or government by or under whose laws the demurring defendant was created. The Code of Civil Procedure (section 1775) provides as follows:

"In an action brought by or against a corporation, the complaint must aver that the plaintiff or the defendant, as the case may be, is a corporation; must state whether it is a domestic or foreign corporation, and if the latter, the state, country or government by or under whose laws it was created."

It is the contention of the respondent that the complaint omits an allegation required by law, and is, therefore, demurrable. A somewhat sharp conflict of authorities is presented by both special and general term decisions bearing upon the question we are here called upon to decide. We favor the authorities which support plaintiffs' claim, that the omission is of a formal allegation, which offers no ground for demurrer. The fact omitted does not go to the cause of action, and is, therefore, not demurrable. In Fox v. Preserving Co., 93 N. Y. 54, the court of appeals say: "The allegation that defendant is a corporation is no part of the cause of action, but simply relates to the character or capacity of the defendant." If the allegation as to the corporate character of the de-

v.28 N.Y.s.no.1—5

fendant may be omitted, and a cause of action still be stated, the defect under consideration, which is an omission to set forth the state, country, or government by or under whose laws the alleged foreign corporation was created, cannot be said to be one of substance, which can be taken advantage of by demurrer. The cause of action herein is not dependent upon the fact whether the corporation is domestic or foreign; and, if foreign, it is immaterial to the cause of action to what state, country, or government the corporation is indebted for its existence. It is true that section 1775 of the Code entitles the defendant corporation to require the plaintiffs to advise it by statement in the complaint as to what was the state, country, or government by or under whose laws the corporation was created. But this right of the defendant corporation must be obtained by motion. Laney v. Laney (Sup.) 11 N. Y. Supp. 319; Rothchild v. Railway Co. (Sup.) 10 N. Y. Supp. 36; Furniture Co. v. Grumme, 10 Civ. Proc. R. 176. The final judgment, interlocutory judgment, and order sustaining the demurrer must be reversed, with costs, and the respondent permitted to answer on payment of costs within 10 days after the entry of the judgment of reversal. All concur.