(8 Misc. Rep. 353.)

### JOHN T. NOYE MANUF'G CO. v. RAYMOND.

(Superior Court of Buffalo, General Term.  May 3, 1894.)

1. CONTINUANCE—SUFFICIENCY OF AFFIDAVIT.
   An affidavit for a continuance because of the absence of a witness must state the facts concerning the efforts to produce the witness, and a mere statement that affiant endeavored to procure his attendance is not sufficient.

2. CORPORATIONS—ACTIONS—AVERMENT OF INCORPORATION.
   The allegation of incorporation required by Code Civ. Proc. § 1775, in an action by or against a corporation, is not within the provision of section 488, that defendant may demur where the complaint does not state facts sufficient to constitute a cause of action, or where it shows on its face that plaintiff has not legal capacity to sue; and the omission of such allegation is waived by answering on the merits.

Appeal from municipal court.

Action by the John T. Noye Manufacturing Company against George H. Raymond. From a judgment in favor of plaintiff for $516.61, defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Mr. Harding, for appellant.

Mr. Crangle, for respondent.

WHITE, J.  This action is brought to recover the balance of an account alleged to be due from the defendant for services rendered and goods delivered at his request. The answer contains a general

denial, a set-off against the claim arising out of a breach of warranty of the goods sold, and a plea of payment. Upon the joinder of issue, the case was adjourned for several days by the court, of its own motion. On the adjourned day the defendant asked for a further adjournment, and in support of his motion read the affidavit of the defendant, which is attached to and made a part of the return herein. The court refused to grant the adjournment asked for, and the defendant claims that such refusal was erroneous, and requires a reversal of the judgment appealed from. It was incumbent upon the defendant, in order to secure the adjournment requested as a matter of right, to prove by his own oath or otherwise, to the satisfaction of the court, that a material and necessary witness was not present in court, that he could not safely proceed to trial without the benefit of the testimony of that witness, and that he had used due diligence to obtain the testimony or the attendance of the witness. The affidavit used by the defendant for that purpose states that a party by the name of Granver is a necessary and material witness for the defendant, and that he cannot safely proceed to the trial of the action without him; that Granver was reported by one Martin Johnson to have gone up the Lakes at some time before this action was commenced, and was expected to return in four or five weeks; that he expected to prove by Granver that the machinery sold by the plaintiff to the defendant, to recover the price of which the action is brought, was not as warranted to be by the plaintiff, and damages sustained by the defendant by reason of that breach of warranty. The fact was pleaded, and therefore the testimony of Granver, as the defendant claimed it would be, was material; and, by complying with the law and rules of practice in that regard, the defendant was certainly entitled to the benefit of the evidence on the trial. The affidavit seems to comply with the requirements of the statute (Code Civ. Proc. § 2975), unless it fails to show that degree of diligence to secure the attendance of the absent witness or his testimony which the law exacts. There is no statement of facts in the affidavit upon which the court could exercise its judgment as to whether due diligence had been used by the defendant or not. The defendant says he endeavored to procure the attendance of the witness, but he fails to say what he did in that respect. He should have stated the facts concerning his efforts; it was for the court to say, on those facts, whether he had done what the law required of him. No statement is made as to the knowledge or means of knowledge possessed by Johnson concerning the intentions of Granver, nor is it stated where Granver or Johnson, then or at any time, lived, nor whether Granver went from, or intended to return to, the city of Buffalo or the state of New York. Granver might have lived in Canada, and have gone up the Lakes with the intention to return to his home there, in perfect harmony with the statements in the affidavit. The ruling of the municipal court is not shown to have been an abuse of its discretion, but was justified by the facts as they were presented to it.

The defendant next claims that the evidence given upon the trial does not warrant the inference in law that the plaintiff sold and de-

livered goods to, or rendered services for, the defendant at his request. Henry R. Howland was sworn as a witness, and his testimony seems positive and direct upon that subject. He states without qualification that "at various times between the 31st day of March, 1893, and the 1st day of July, 1893, the plaintiff performed services and delivered goods, wares, and merchandise to the defendant, at his request, worth $1,796.26; that no part of the same has been paid except the sum of $1,307.85." He further states that the difference is due and owing, etc., which is, no doubt, a conclusion. But this conclusion in no way affects the positive testimony as to the delivery of the goods to the defendant at his request, and their value. The law implied a promise on the part of the defendant to pay for them when delivered to him at his request, and, in the absence of any claim to the contrary in the answer, the presumption is that they were to be paid for on delivery.

Section 1775 of the Code of Civil Procedure requires that, in an action by or against a corporation, the complaint must aver that the plaintiff or the defendant, as the case may be, is a corporation; must state whether it is a domestic or foreign corporation, and, if the latter, the state, country, or government by or under whose laws it was created. The complaint in this case does not state whether or not the plaintiff is a corporation; and for that reason, assuming that it is a corporation, the defendant claims that the complaint is defective in two respects, namely, within subdivisions 3 and 8 of section 488 of the Code of Civil Procedure,[1] and that he can take advantage of those defects on this appeal. We think, however, that by answering upon the merits he waived those defects. They did not even render the complaint demurrable within either of the above subdivisions. Bank v. Donnell, 40 N. Y. 410; Hafner v. Grumme, 10 Civ. Proc. R. 176; Rothschild v. Railroad Co., (Sup.) 14 N. Y. Supp. 807; Adams v. Store-Service Co. (Sup.) 13 N. Y. Supp. 118. The judgment appealed from should be affirmed, with costs. All concur.

---

[1] Code Civ. Proc. § 488, provides as follows: "The defendant may demur to the complaint, where one or more of the following objections thereto appear upon the face thereof: * * * (3) That the plaintiff has not legal capacity to sue. * * * (8) That the complaint does not state facts sufficient to constitute a cause of action."

Section 498 provides: "Where any of the matters enumerated in section 488 of this act as grounds of demurrer, do not appear on the face of the complaint, the objection may be taken by answer."

Section 499 provides: "If such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it; except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action."