(47 App. Div. 390.)

## ERNEST OCHS v. FREY.

(Supreme Court, Appellate Division, Second Department.   January 9, 1900.)

**1. ACTION BY CORPORATION—PLEADING—COMPLAINT.**
   Where the title of an action and the verification of the complaint showed that plaintiff was a corporation, an objection that the complaint did not show whether plaintiff was a foreign or domestic corporation, as required by Code Civ. Proc. § 1775, cannot be first urged on appeal under an objection that the complaint does not state facts sufficient to constitute a cause of action, where defendant failed to raise such objection by answer or motion at the trial, since such averment does not go to the cause of action.

**2. LIMITATION OF ACTIONS—PART PAYMENT.**
   An action brought on an account within six years from the date of the last payment thereon is not barred by the statute of limitations.

**3. APPEAL—OBJECTION TO EVIDENCE.**
   The objection that plaintiff's books are the best evidence of the facts sought to be proved cannot be first raised on appeal.

Appeal from trial term, Kings county.

Action by Ernest Ochs, a corporation, against Frederick Frey. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Jay C. Guggenheimer, for appellant.

Frank N. O'Brien, for respondent.

WOODWARD, J.   The defendant urges on this appeal not only that the judgment should be reversed for error in the admission of incompetent evidence, but that the complaint fails to state a cause of action, and should be dismissed in this court.   The complaint avers that "the above-named defendant on the 28th day of March, 1892, was justly indebted unto this plaintiff in the sum of twelve hundred and fifty dollars for money loaned by this plaintiff to said defendant," and that "prior to the commencement of this action the payment of the said sum of twelve hundred and fifty dollars was duly demanded of said defendant, but the same was not paid, nor any part thereof, except the sum of seventy-five dollars realized by this plaintiff through and by the foreclosure of a chattel mortgage, hereinbefore mentioned, on certain saloon fixtures, given, as aforesaid, as collateral security for the payment of the said twelve hundred and fifty dollars, as aforesaid, which said sum has been duly credited to said defendant, leaving the sum of eleven hundred and seventy-five dollars justly due and owing by said defendant to this plaintiff."   The complaint shows to this court that the defendant is indebted to the plaintiff in a given sum for money loaned by the plaintiff to the defendant, and that the payment of the same has been refused; and under the liberal rule of construction in vogue in this state we are unable to discover any lack of facts necessary to a cause of action.   "The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated."   Sage v. Culver, 147 N. Y. 241, 245, 41 N. E. 513.   But the defendant urges that, as the complaint did not make the averments required by section 1775

of the Code of Civil Procedure (the plaintiff being in fact a corporation), the omission of the declaration that the plaintiff was a domestic corporation was fatal to the complaint, and that it did not state the facts necessary to a cause of action, as required by the provisions of the Code. We are of opinion, however, that a cause of action is distinct from the description of one or both of the parties, and that while the defendant had an absolute right "to require the plaintiff to advise by statement in the complaint whether the corporation is domestic or foreign," etc. (Furniture Co. v. Grumme, 10 Civ. Proc. R. 176), the fact does not go to the cause of action, and, the question not having been raised by the answer or by a proper motion, it cannot now be allowed to defeat the plaintiff's recovery on the ground that the complaint does not state facts sufficient to constitute a cause of action. "The allegation that the defendant is a corporation," say the court of appeals in Fox v. Preserving Co., 93 N. Y. 54, "is no part of the cause of action, but simply relates to the character or capacity of the defendant." In the case at bar the summons and complaint in the title of the action gave the plaintiff as "Ernest Ochs, a corporation," and the verification, as required by section 525 of the Code of Civil Procedure, where the "party is a domestic corporation," was "made by an officer thereof." In Rothchild v. Railway Co., 10 N. Y. Supp. 36, the court say:

"The design of the section above referred to is unquestionably 'to advise, by statement in the complaint, whether the corporation is domestic or foreign,' but this allegation does not constitute any part of the cause of action, which is just as complete without it as with it. Indeed, a cause of action would be stated if the entire allegation as to the corporate character of the defendant were omitted."

This case was affirmed in 14 N. Y. Supp. 807, and was followed by the general term of the New York superior court in Fraser v. Association (Super. N. Y.) 28 N. Y. Supp. 65. See Harmon v. Hotel Co., 79 Hun, 392, 29 N. Y. Supp. 783, affirmed in 143 N. Y. 665, 39 N. E. 20. There is a conflict of authority upon the point, but the later cases, and the better reasoning, support the conclusion which we have reached.

The defendant, in answering, states that "for a separate, distinct, and partial defense, the defendant alleges that between the 3d day of April and the 26th day of July, 1892, he paid the plaintiff on account of the claim set forth in the complaint the sum of one hundred and seventy ($170) dollars"; and as a further defense he pleads the statute of limitations, declaring that "this action is brought to recover for money loaned by the plaintiff to the defendant on or about the 28th day of March, 1892; that the claim arising out of said indebtedness accrued and became due on the 28th day of March, 1892, and that more than six years have elapsed before the commencement of this action; and that therefore the six-years statute of limitations is a bar to any recovery by the plaintiff." This action was commenced on the 8th day of June, 1898, and if there had been no payments subsequent to March 28, 1892, the statute of limitations would no doubt bar a recovery on the part of the plaintiff. But the defendant pleads as a partial defense that he did "between the 3d day of

April and the 26th day of July, 1892," make certain payments, aggregating $170; and upon the trial these payments were not only conceded on the part of the plaintiff, but evidence was introduced establishing the fact that such payments were made, and that the last payment was made on the 26th day of July, 1892. The court, before which the case was tried without a jury, found as a fact that such payments were made as stated above; and this is sufficient to take the case out of the statute of limitations, the action being brought inside of six years from the date of the last payment on the account.

We have examined the exceptions taken at the trial, and we are of the opinion that they are not available to the defendant upon this appeal. No objection was made at the time that the books of the plaintiff were the best evidence of the facts sought to be proved; no suggestion was made that the collector was better prepared to make the proof of the dates of the receipt of the moneys from the defendant; and when the evidence is taken in connection with the answer of the defendant, which is in effect a counterclaim for the sum of $170, there is no reason to suppose that the defendant was injured in the least by the testimony of the one witness, who is not disputed, and whose evidence was strengthened by the cross-examination.

The judgment appealed from should be affirmed, with costs. All concur.