EDWARD A. TIGHE, Respondent, *v.* JAMES F. LAVERY, Appellant.

(Supreme Court,. Appellate Term, First Department, January, 1917.)

Actions — to recover penalty — corporations — insufficient evidence to prove plaintiff a stockholder — Municipal Court of city of New York — Stock Corporation Law, § 69.

In order to maintain an action to recover a penalty under section 69 of the Stock Corporation Law plaintiff must prove that defendant was the " treasurer or chief fiscal officer " of a corporation other than a moneyed corporation at the time he made his demand for a statement of its assets and liabilities.

The stock-book of a corporation which contains the names' of the stockholders and in which all transfers of stock are required to be entered is ordinarily, at least, the treasurer's guide and authority in furnishing statements pursuant to section 69 of the Stock Corporation Law, and a stockholder of a corporation other than a moneyed one who wishes to enforce the penalty prescribed by said section for failure to comply

therewith must see to it that he is a stockholder of record at the time he makes a demand upon its treasurer or chief fiscal officer for a statement of the affairs of the corporation.

Where in such an action a statement in plaintiff's demand to the effect that he was a stockholder of the corporation owning more than five per cent of the capital stock is negatived by a declaration, at the end of the demand, that he held a numbered certificate for a certain number of shares standing in the name of another, the evidence is insufficient to prove that plaintiff was a stockholder as it was not apparent whether he was the pledgee or absolute owner of said stock.

Such an action was begun in the Municipal Court of the city of New York by the service of a summons on which was indorsed "Action for a penalty according to the provisions of Laws of 1909, being chapter LIX of the Consolidated Laws and known as the Stock Corporation Law," but no formal complaint was filed and the answer was a general denial. There was no competent evidence that defendant was the " treasurer or chief fiscal officer " of a corporation other than a moneyed corporation and plaintiff failed to prove that at the time he made his demand for a statement of the assets and liabilities of the corporation he was a stockholder thereof and there was absolutely no proof that a financial statement of the affairs of the corporation had not been given within one year. *Held,* that a judgment in favor of plaintiff should be reversed and the complaint dismissed on the merits, with costs.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

Henry K. Golenbock (Isidor Unger, of counsel), for appellant.

Thomas W. Constable, for respondent.

WHITAKER, J. This action was brought to recover a penalty under section 69 of the Stock Corporation Law. This section provides as follows:

" Stockholders owning five per centum of the capital

stock of any corporation other than a moneyed corporation, not exceeding one hundred thousand dollars, or three per centum where it exceeds one hundred thousand dollars, may make a written request to the treasurer or chief fiscal officer thereof, for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person presenting the request within thirty days thereafter, and keep on file for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; but the treasurer or such chief fiscal officer shall not be required to deliver more than one such statement in any one year. The supreme court, or any justice thereof, may upon application, for good cause shown, extend the time for making and delivering such certificate. For every neglect or refusal of the treasurer or other chief fiscal officer thereof to comply with the provisions of this section he shall forfeit and pay to the person making such request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished.''

The action was begun by service of a summons upon which was indorsed ''Action for a penalty according to the provisions of Laws of 1909, being chapter LIX of the Consolidated Laws and known as the Stock Corporation Law.'' No complaint either oral or written appears in the record, the foregoing indorsement upon the summons evidently being intended to constitute the complaint. The answer was a general denial. Defendant, in the court below, offered no testimony and rested his case upon plaintiff's testimony, making a motion to dismiss the complaint, which was denied.

Judgment for $300 was rendered in favor of the plaintiff.

In order to maintain this action it was incumbent upon the plaintiff to prove that the defendant was the "treasurer or chief fiscal officer" of a corporation, other than a moneyed corporation, at the time he made his demand for a statement of its assets and liabilities. Nowhere in the record is there competent evidence of this fact. The statement upon the summons contains nothing in reference to a corporation and, as before stated, there was no formal complaint filed. The respondent's attorney claims in his brief that a certificate given by the defendant, which certifies that one Marsh is the owner of seventy-five shares of the stock of the James F. Lavery Printing Company, and the receipt given by him as treasurer of the James F. Lavery Printing Company, is proof that the James F. Lavery Printing Company was a corporation, or that the defendant having so held himself out as treasurer of said printing company cannot claim that the existence of such a corporation was not shown. The certificate referred to bears no date and it does not appear when it was given, and the receipt given for the stock is dated March 17, 1916, over one month after the demand was made upon the defendant for the statement, and consequently neither of these instruments furnishes any evidence that there was existing a corporation of which defendant was treasurer or fiscal officer at the time plaintiff made his demand. Section 1776 of the Code of Civil Procedure has no application for the reason that there was no complaint setting up that defendant was the treasurer or officer of any corporation and the action is not brought by or against a corporation and consequently no verified answer denying the existence of a corporation was necessary. An entirely different situation was presented in the

Misc.]   Supreme Court, Appellate Term, January, 1917.

case of *Ochs* v. *Frey,* 47 App. Div. 390, cited by respondent. Plaintiff's own testimony tended to show that his stock represented shares in the James F. Lavery Company and that the checks which he saw defendant sign were signed as treasurer of the James F. Lavery Company, and the demand was made upon the James F. Lavery Printing Company. Another vital objection to a recovery in this action is the fact that the plaintiff was not shown to be a stockholder of either the James F. Lavery Company or the James F. Lavery Printing Company at the time when he made the demand upon defendant. On February 11, 1916, plaintiff served upon the defendant a written demand for a statement of the affairs of the James F. Lavery Printing Company. At the end of the instrument were these words: "I hold certificate No. 10 for 75 shares in the name of Frank W. Marsh. (Signed) Edward A. Tighe." The statement in the plaintiff's demand that "I, the undersigned, a stockholder of the above corporation owning more than 5 per cent. of the capital stock, etc.," is negatived by the later declaration that his so-called ownership was merely holding a certificate of shares issued in the name of Frank W. Marsh. Whether plaintiff was the pledgee or absolute owner of the stock was not made apparent by this instrument. Almost an identical case is that of *Pray* v. *Todd,* 71 App. Div. 391. It was there held that a stockholder who wishes to enforce the penalty prescribed by section 52 of the Stock Corporation Law (now section 69) must see to it that he is a stockholder at the time he makes his demand. The court there said: "But this statute is highly penal. * * * In order to enforce the penalty against the treasurer they must bring themselves within the terms of the statute. We are of opinion that the stock book of the corporation which contains the names of the stock-

holders and in which all transfers of stock are required
to be entered is ordinarily, at least, the treasurer's
guide and authority in furnishing statements pursuant
to the provision of section 52 of the Stock Corporation
Law.   If the stockholder wishes to enforce the penalty
he must see to it that he is a stockholder of record at
the time of making the demand upon the treasurer
for a statement of the affairs of the corporation.''
Again, there was absolutely no proof that a financial
statement of the affairs of the corporation had not
been given within one year.   This question came up
in the case of *Troughton* v. *Grace,* 151 App. Div. 655,
and it was there held that a complaint in a similar
action which failed to state that such a statement had
not been furnished within one year was essential as
it ''constitutes a material part of the description of
the acts which constitute the violation of the statute.''
The court, however, in that case declined to pass upon
the question whether the complaint would have been
sufficient if it had ''alleged that such a statement had
not been furnished to him within a year, but failed to
allege that no such statement had been furnished to
any stockholder.''   The respondent evidently recog-
nizing the merit of the defendant's claim of lack of
such proof refers to the testimony of the plaintiff as
showing that there was proof that no statement of the
affairs of the corporation had been made within one
year.   This testimony is as follows: ''Q. On February
11, 1916, did you serve a written request upon him for
a statement of assets and liabilities?   A. Yes, sir, on
February eleventh.   Q. I show you this paper and ask
you if that is the request you refer to [handing paper
to witness].   A. Yes, that is it.''

What there is in the foregoing testimony to lead one
to even infer that a statement of the affairs of the cor-
poration had not been made to some other stockholders

and was not on file with the corporation, it is impossible to conceive.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

FINCH, J., concurs; LEHMAN, J., concurring in result.

Judgment reversed, with costs.