Louis L. Friedman, J.
In this action to foreclose a mortgage there are three motions before the court. One motion (the second one) is a motion by plaintiff to amend its complaint nunc pro tunc to include an allegation that plaintiff is a domestic corporation. Plaintiff claims that the complaint inadvertently omitted this allegation. Buie 93 of the Buies of Civil Practice provides that such an allegation must be included where the plaintiff is a corporation. However, an omission of this allegation is not ordinarily fatal to the pleading (Ochs v. Frey, 47 App. Div. 390), for such allegation is generally no part of the cause of action (Harmon v. Vanderbilt Hotel Co., 79 Hun 392, affd. 143 N. Y. 665) but is simply descriptive of the party, relating to its character or capacity (Ochs v. Frey, supra; Fox v. Erie Preserving Co., 93 N. Y. 54). If the cause of action was dependent upon this fact, the pleading might be deemed insufficient (Adams v. Lamson Cons. Store-Service Co., 59 Hun 127; Fraser v. Granite State Provident Assn., 8 Misc. 7) but, since plaintiff was in fact a domestic corporation when the pleading was prepared, the omission to include the allegation is not fatal. The motion to amend is in all respects granted and the complaint is deemed amended to include such an allegation (Guarantee Trust Co. v. Philadelphia, Reading & New England R. R. Co., 160 N. Y. 1; Mohrmann v. Kob, 291 N. Y. 181). The second motion by plaintiff is to strike out defendants’ answer. This motion too is granted since the court finds that the defenses interposed by the defendant are insufficient, sham and frivolous. Defendants’ defense to this action of foreclosure is a defense of merger. This defense is untenable. There was no merger of a greater and lesser estate into Yera Fried as one of the predecessors in title of the bond and mortgage. Such merger can only take place where one and the same person acquires both estates, in which case the lesser of the two estates is merged into the greater (Matter of *466 Nochomov, 206 Misc. 290; Clark v. Rowell, 163 Misc. 777). The taking of title by Vera Fried’s husband from the then owner of the property, in lieu of foreclosure, clearly established an intent to avoid such a merger. Nor has the defendant established that the property given to the husband of Vera Fried was a satisfaction of the mortgage debt. What transpired was merely the turning over of a deed in lieu of foreclosure, keeping the mortgage alive. It merely relieved the original mortgagor of any legal responsibility for the indebtedness. Such act never constituted payment and satisfaction of the mortgage. The defendant under such circumstances cannot be heard to complain. When she purchased the property, she acquired title subject to such mortgage, and by doing so she was relieved at that time of paying a greater amount in cash to complete the purchase price, and accordingly received the benefits of the mortgage. Having defaulted in the payment due under the said mortgage as extended, she cannot, by asserting this defense, deprive the plaintiff of its rights. Equity will not allow such a defense to be maintained. Nor is the second defense sufficient. As previously indicated, the conveyance by the original mortgagor to avoid foreclosure merely relieved such obligor from his indebtedness. It did not satisfy the mortgage, and the extension of the bond and mortgage by the defendant and the holder of the bond and mortgage, while in effect would further discharge the original obligor from any liability, did not destroy or affect the mortgage. The authority cited by the defendant is clearly inapposite and distinguishable in law arid fact as it relates to an action against an original obligor who was not a party to the extension agreement, and was not one to foreclose a mortgage. Accordingly, the motion of the plaintiff for judgment of foreclosure is granted in all respects. In view of this disposition of plaintiff’s motion, the motion made by the defendant for leave to sue as a poor person became academic and is denied as such. In any event, if it were being considered on its merits, the application would be denied since the facts show that defendant is not entitled to this relief.