Arnold L. Fein, J.
In this action by a first mortgagee (Alden) to foreclose its mortgage on premises 225 Central Park West known as Hotel Alden, the second mortgagee (Friedman) defends upon the grounds that (1) a prior action brought by Alden to foreclose the same mortgage was discontinued with prejudice, barring another action for the same relief; (2) the acceptance of a deed in lieu of foreclosure in the prior action accomplished a merger of the fee and the mortgage; (3) Alden’s operation of the property since the delivery of the deed and the receipt of income without applying it to reduction of the principal of the mortgage, interest and taxes amounted to a deliberate default and also obligates Alden to account for such moneys as well as the value of the property at the time of the delivery of the deed and (4) receipt of the deed in lieu of foreclosure with prejudice constituted a satisfaction of the mortgage and extinguishment of the lien because the mortgage was satisfied and paid by delivery of the deed by the owner of the property to the nominee of the first mortgagee.
The subject first mortgage, dated March 31, 1969, is in the face amount of $3,450,000. Defendant Friedman is the holder of a second subordinated mortgage dated October 10, 1973 in the face amount of $200,000. The prior foreclosure action on the first mortgage was instituted by Alden on December 10, 1974, by reason of the nonpayment of the November and December, 1974 installments of principal and interest and real estate tax deposits. Although Friedman was served with process in that action on December 23, 1974, he never appeared in the action.
On December 26, 1974, Alden Realty Associates, the then owner of the premises, made, executed and delivered its bargain and sale deed conveying the premises to Matthew W. Kanin (Kanin), Alden’s nominee. It is beyond dispute that the deed was delivered in lieu of foreclosure and was made to Alden’s nominee at Alden’s insistence.
Alden did not deliver a satisfaction of the first mortgage to the owners, nor did it surrender the first mortgage or the mortgage note to them. However, on the same day, December 26, 1974, it did deliver to them a notice of discontinuance of the action together with a stipulation of discontinuance with prejudice executed only by the attorneys for Alden and the *548 attorney for the owners. A copy of the notice of discontinuance was served on the Corporation Counsel of the City of New York and the United States Attorney on the same day and on Friedman on the following day December 27, 1974.
Alden then moved to discharge the receiver who had been appointed in that action and to vacate the Us pendens. The motion was granted by order dated January 17, 1975. In the interim Alden filed the notice of discontinuance in the county clerk’s office.
On January 21, 1975, Alden instituted the present foreclosure action for the balance of $2,777,552.13, due on the mortgage, by reason of the nonpayment of the installments of interest and principal and monthly deposits of real estate taxes due for November and December, 1974 and January, 1975.
The issue is whether the first mortgage survived delivery of the deed in lieu of foreclosure on December 26, 1974. There is no merit to Friedman’s contention that delivery of the deed to Alden’s nominee extinguished the mortgage by merger, payment or otherwise. The simple fact that Alden required that the deed run to its nominee, Kanin, undercuts Friedman’s defense. Aside from the fact that the doctrine of merger is not favored in equity, it applies only where the greater estate, the fee, and the lesser estate, the mortgage, are "in one and the same person, at one and the same time and in one and the same right.” (Jemzura v Jemzura, 36 NY2d 496, 502; Curtis v Moore, 152 NY 159; Becker v Snowden Dev. Corp., 66 Misc 2d 1060; Abra Holding Corp. v Jackson, 30 Misc 2d 464.) As these and other cases hold, the issue of merger turns on the intent of the parties as demonstrated by their actions.
Here, every action by Alden demonstrated an intention to avoid a merger and to insure that the mortgage survived. Alden refused the request of the owners that the deed in lieu of foreclosure run to Alden and insisted that the deed be to Alden’s nominee. The stipulation of discontinuance with prejudice ran only to the owners, not to the other defendants. The marking of the title closer on the title report excepting the mortgage and the strict compliance with the title company’s counsel’s advice as to the procedure to be followed demonstrated a clear intention to avoid a merger. Alden’s subsequent actions with respect to the property are consistent, only with a purpose and intention that the mortgage survive.
Friedman’s reliance on Central Hanover Bank v Roslyn *549 Estates (266 App Div 244, affd 293 NY 680) is misplaced. During the pendency of that mortgage foreclosure action, plaintiff mortgagee took a deed from defendant owner of the property in plaintiff’s name with a provision that the mortgage survive. The plaintiff then sought to recover at law on the mortgage note against the other defendants who were the obligors on the note. The court held that the defendants obligors were entitled to credit for the value of the property deeded to plaintiff mortgagee in lieu of foreclosure. This has nothing to do with a case such as this where only foreclosure is sought and not a personal recovery. (Abra Holding Corp. v Jackson, supra.)
Here, Alden seeks no personal recovery against the maker of the mortgage note. Indeed it could not, since the maker of the note has no personal responsibility, by reason of the terms of the mortgage and mortgage note which preclude such liability. Moreover, no personal judgment is sought against Friedman, the second mortgagee, nor could any such claim be made. Equally inapposite is Dime Sav. Bank v Coleman (267 App Div 828) relied upon by defendant. There the conveyance of the premises to the mortgagee during the foreclosure action, for a cash consideration, was held to constitute a satisfaction of the mortgage debt discharging the obligor from personal liability.
The equitable principle of these cases hardly provides a basis on which Friedman, a subordinate mortgagee, without personal liability, can bootstrap himself into a superior lien position against the senior mortgagee on the basis of obtaining credit for “payment” because a deed in lieu of foreclosure was taken.
To the extent that American Sav. and Loan Assn. v Eidelberg (54 Misc 2d 668), relied on by defendant is to the contrary, it is not followed. It appears to rest on a misconstruction of Central Hanover Bank v Roslyn Estates (supra) overlooking the essential fact that the principle of that case applies only where a personal judgment is sought after receipt of a deed in lieu of foreclosure. Thus the issue of value of the property is not a defense to the mortgage foreclosure and is in any event premature at this juncture prior to the foreclosure sale and an accounting for its proceeds. (See Eagen v Engeman, 125 App Div 743.)
Nor is it a defense that the foreclosure is premised on the failure of Alden’s nominee, the record owner, to make pay- *550 merits on the mortgage. The effect of such failure is to provide a proper basis for the foreclosure sale of the property in the interest of the lienors, not to ground a judgment for personal liability. (Eagen v Engeman, supra.)
The discontinuance of the prior action with prejudice as against the owners did not inure to the benefit of Friedman. Alden had no personal claim against the prior owners and gave up no rights by such stipulation. Nor could such stipulation prejudice Friedman, since no personal claim was or could be made against him, by reason of such stipulation or otherwise. Alden owed no duty to Friedman to discontinue the action against him with prejudice. It could have proceeded with the foreclosure against him as a subordinate lienor to foreclose his interest as such. That Alden chose not to do so confers no rights upon him in this action. He took no affirmative steps to protect his rights as a subordinate lienor. Alden’s notice of discontinuance served on Friedman prior to answer and within 20 days after commencement of the action against him was without prejudice, as a matter of law, unless otherwise stated. (CPLR 3217, subd [c].) Moreover the current foreclosure action is premised on a default in the January, 1975 payment, not included in the prior action.
Equally untenable is Friedman’s final contention and defense that taking a deed in lieu of foreclosure in the name of plaintiffs’ nominee, Kanin, amounted to payment and satisfaction of the mortgage by operation of law. That principle is only applicable where necessary to prevent a double recovery where personal liability is sought to be enforced on a mortgage obligation. (Abra Holding Corp. v Jackson, 30 Misc 2d 464, supra.) No personal liability is sought to be imposed here. Nor, as noted, could it be. No satisfaction piece was delivered or recorded nor were the mortgage and mortgage note surrendered or marked "paid”. It follows that there was neither payment nor discharge. (Curtis v Moore, 152 NY 159, supra). There is a "strong presumption against” a finding of payment by operation of law, which will prevail in the absence of a showing that there was an "express understanding” to that effect. (Skaneateles Sav. Bank v Herold, 50 AD2d 85.)
Manifestly the prior foreclosure action was discontinued in order to terminate the costs of a receiver, once the appointment of a receiver had accomplished the purpose of inducing the owners to deliver a deed in lieu of foreclosure. To construe this into a vehicle for making Friedman’s second mortgage a *551 first lien superior to Alden’s mortgage would exalt form over substance and ascribe an intent to Alden to defeat its own purposes and interests. Friedman’s lien was at all times subject and subordinate to Alden’s lien. Nothing appears which alters that circumstance and relationship.
Plaintiffs as mortgagees will necessarily have to account for the operation of the property during the pendency of this foreclosure proceeding in connection with the determination by the referee appointed to compute the amounts due the foreclosing mortgagee prior to the actual foreclosure sale.
After trial, plaintiffs are entitled to a judgment of foreclosure and sale.
Settle judgment including provision for a referee to compute the amount due plaintiffs.