OPINION OF THE COURT
Robert W. Doyle, J.
In this action pursuant to RPAPL article 15, plaintiff seeks a judgment invalidating a tax deed purporting to convey to defendant County of Suffolk a certain parcel of real property in the Town of Islip, as to which plaintiff held or holds a first mortgage, and declaring subsequent conveyances and mortgages null and void. Defendants Joseph D. and Marjorie Coluccio, Arcs Mortgagee, Inc., and State of New York Mortgage Agency have moved for summary judgment in their favor, and defendant Long Island Partnership Housing Development Fund, Inc. joins in the motion. Plaintiff opposes and asks that summary judgment be granted to her instead of to defendants.
The undisputed facts may be briefly stated. In the month of November of 1979, the County Treasurer sold to the County of Suffolk a number of parcels of land charged with unpaid taxes levied in 1978-1979. Among the parcels sold was one known as lot No. 2878 on a map entitled "Map of Columbus Park, Section 3,” which was assessed to Mart Construction Corp. The plaintiff had conveyed the parcel to Mart on August 30, 1977, taking back a purchase money first mortgage. Both the deed and the mortgage instrument were duly recorded on September 6, 1977, and indexed under the tax district, section, block and lot number for the property. After the expiration of the required redemption period, the County Treasurer conveyed the premises to the County by tax deed dated April 6, 1983, duly recorded the same date.
Plaintiff commenced the instant action against the County *990 of Suffolk in October of 1984, alleging that no notice of tax sale proceedings had been given to her as first mortgagee of record as required under Real Property Tax Law § 1002 (4) and § 1014 (3) and case law. While settlement negotiations were in progress and unbeknown to plaintiff, the County conveyed the parcel in question to the Town of Islip Community Development Agency (C.D.A.) by quitclaim deed dated July 13, 1988: Thereafter C.D.A. conveyed the parcel to the Long Island Partnership Housing Development Fund, by deed dated January 13, 1989, which constructed a dwelling on the premises and conveyed the same to Joseph D. and Marjorie Coluccio by deed dated April 25, 1989. The plaintiff remained unaware of the above transactions until late in 1991, at which time she moved for, and was granted, leave to serve a supplemental summons and complaint joining the above-named parties and one other as defendants to the action (order dated Mar. 12, 1992, Lama, J.). Plaintiff served the supplemental summons and complaint in April of 1992.
All but one of the defendants named in the supplemental complaint now seek summary judgment dismissing the action as against them on Statute of Limitations grounds. They contend that plaintiff’s claim, being based upon the lien of her mortgage, is barred by the six-year Statute of Limitations applicable to an action upon a mortgage of real property (CPLR 213 [4]); and that because the mortgage became due and payable on its face on August 30, 1979, at which time plaintiff had the right to demand payment, the time within which to bring this action is computed from that date (CPLR 206 [a]) and expired on August 30, 1985. Plaintiff counters that the 10-year Statute of Limitations applicable to an action to recover real property (CPLR 212 [a]) applies to a RPAPL article 15 action.
Plaintiff’s interest in the property as first mortgagee does not make this an action upon the mortgage. Both the complaint and the supplemental complaint clearly state that the action is pursuant to RPAPL article 15. Such an action is essentially one for a declaratory judgment brought to compel the determination of a claim to real property (see, 16 Carmody-Wait 2d § 101:1 et seq.). The question of the validity of a tax deed or of a claim under a tax sale is an appropriate basis for an article 15 action (e.g., Terramare Dev. v County of Suffolk, 123 AD2d 317 [2d Dept 1986]; Hernandez v Haberle, 160 AD2d 1049 [3d Dept 1990]).
Pursuant to Real Property Tax Law § 1020 (3), a convey *991 anee following a tax sale is subject to cancellation upon application to a court of competent jurisdiction within five years from the expiration of the time allowed for redemption. Either actual entry by the holder of the tax title or recording of the deed is required to start the running of the Statute of Limitations (Seafire, Inc. v Ackerson, 193 Misc 965 [Sup Ct, Suffolk County 1947], affd 275 App Div 717, affd 302 NY 668). However, this statutory limitations period is not applicable to a sale by the County after it acquired the property at a tax sale (Lindlots Realty Corp. v County of Suffolk, 278 NY 45 [1938]). Therefore, the 10-year Statute of Limitations pursuant to CPLR 212 (a) applies to an action against subsequent grantees, and the action was timely commenced as against the moving defendants.
Two additional issues have been raised by movants and codefendants who support their motion for summary judgment. The first stems from plaintiff’s claim to have taken a deed in lieu of foreclosure on October 31, 1984. Movants argue that plaintiff’s interest as first mortgagee was extinguished by acceptance of said deed and therefore she has no "standing” to maintain the action. The only proof of the existence of a deed in lieu of foreclosure is a reference in a subsequent conveyance from plaintiff to Woodmark Construction Corp. on July 16, 1985: "These premises are intended to be the same premises conveyed to the [plaintiff] by deed dated October 31, 1984.” However, assuming that plaintiff did take a deed in lieu of foreclosure, it does not necessarily follow that there occurred a merger of the mortgage in the fee. Depending upon the circumstances, a conveyance of the mortgaged premises from the mortgagor to the mortgagee may either constitute satisfaction of the mortgage debt (Dime Sav. Bank v Coleman, 267 App Div 828 [2d Dept 1944]), or merely relieve the mortgagor of legal responsibility for the debt while continuing the mortgage as a lien on the premises (Abra Holding Corp. v Jackson, 30 Misc 2d 464 [Sup Ct, Kings County 1961]). Whether there has been a merger turns on the intent of the parties as demonstrated by their actions (Alden Hotel Co. v Kanin, 88 Misc 2d 546 [Sup Ct, NY County 1976]) and is a question of fact which must be determined upon a trial (Matter of Nochomov, 206 Misc 290 [Sur Ct, Kings County 1954]).
The second issue urged by movants as requiring dismissal of the supplemental complaint is more troublesome. Movants assert that at the time of the County’s conveyance of the *992 parcel on July 13, 1988, the notice of pendency filed by the plaintiff at the commencement of the original action had expired; and it was never extended. As a result, they argue, any interest in the property acquired by subsequent grantees will not be affected by the outcome of this lawsuit. It is true that a notice of pendency is effective for three years only, and if not extended is usually wholly ineffective for any purpose (Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400 [2d Dept 1983] [lapsed notice of pendency could not affect contract vendees who acquired their interest after notice expired]). Although one commentator is of the opinion that a prospective purchaser who discovers a stale notice "is not charged with * * * [a] duty to investigate to determine whether the suit is still pending” (7A Weinstein-Korn-Miller, NY Civ Prac ]j 6513.04, at 65-56), at least one court has stated a contrary opinion (Schoepp v State of New York, 69 AD2d 917 [3d Dept 1979]). But the circumstances in the case at bar are such as to diminish the importance of the notice of pendency.
A notice of pendency merely provides notice that an action is pending which may affect title to the property. It alerts a title searcher that there may be a cloud on the title of the defendant named in the notice. The title acquired under a tax deed is no greater than the title of the party against whom the tax assessment was made (Hannah v Babylon Holding Corp., 28 NY2d 89 [1971]). In the instant matter, it so happens that the party assessed, Mart Construction Corp., was not the owner of record; it had conveyed the premises to one Henry Taca by deed dated January 15, 1979, recorded and properly indexed January 16, 1979, approximately 10 months prior to the tax sale. The County’s deed of conveyance to C.D.A. contains, in addition to the usual quitclaim deed language, the following warning: "it is the intention of this conveyance to give title only to such property as was acquired by the County of Suffolk by Tax Deed on April 6, 1983”. The court determines that this language should have alerted any title searcher — in the same manner as would a notice of pendency — to the necessity of searching records prior to the tax deed, particularly in light of the Supreme Court decision in Mennonite Bd. of Missions v Adams (462 US 791 [1983]),* *993 cited by all parties who submitted papers on this motion. Such a search, if properly made, would have enabled defendants to determine whether the prior fee titleholder and any mortgagee were given proper notice of the tax foreclosure proceedings, regardless of the existence or nonexistence of a notice of pendency.
Accordingly, the defendants’ motion for summary judgment is denied. The plaintiff’s request for summary judgment is also denied, as there exist questions of fact with respect to, inter alla, plaintiff’s status as mortgagee and/or fee titleholder and an alleged settlement of this action in 1987, which plaintiff regards as binding because of the County’s partial performance. In addition it does not appear that the County has conceded its failure to provide plaintiff with actual notice of the tax foreclosure proceedings.

 The Supreme Court held that a mortgagee possesses a substantial property interest that is significantly affected by a tax sale, and that a mortgagee identified in a publicly recorded mortgage must be given notice of a pending tax sale by mail or personal service. Constructive notice by *993 publication and posting does not satisfy the Due Process Clause of the 14th Amendment of the US Constitution. New York courts have followed the principles elucidated in Mennonite (supra) (e.g., Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418 [1983]; Matter of McCann v Scaduto, 71 NY2d 164 [1987]; Matter of Peck v Groholy, 131 AD2d 146 [3d Dept 1987]). Congregation and Peck also hold that an assessor is charged with facts ascertainable from real property records as well as tax records. In McCann, the Court of Appeals specifically made the requirement for actual notice retroactive to cases where tax titles were still in litigation.