Deutsche Bank Natl. Trust Co. v PJK Holdings, LLC (2024 NY Slip Op 05787)

Deutsche Bank Natl. Trust Co. v PJK Holdings, LLC

2024 NY Slip Op 05787

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-02433
 (Index No. 509131/19)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
PJK Holdings, LLC, appellant.

Allen M. Lowy, New York, NY, for appellant.
Cuddy & Feder LLP, White Plains, NY (Troy D. Lipp and Joshua E. Kimerling of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 17, 2022. The order granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
In a deed dated December 15, 2005, nonparty Alexander Friedman purportedly conveyed certain real property located on 44th Street in Brooklyn to nonparty Akiva Weisz (hereinafter Akiva). On January 24, 2006, Akiva executed a note in the amount of $550,000 in favor of nonparty American Brokers Conduit. The note was secured by a mortgage on the property. The mortgage was never recorded.
In a deed dated December 1, 2016, nonparty Rebecca Weisz (hereinafter Rebecca) conveyed the property to the defendant, PJK Holdings, LLC, in exchange for consideration in the amount of $10.
On April 24, 2019, the plaintiff, American Brokers Conduit's purported successor in interest, commenced the instant action against the defendant. The complaint stated that the "[p]laintiff seeks an Order and Judgment declaring that PJK's ownership interest in the 44th Street Property is subject and subordinate to Plaintiff's mortgage . . . which PJK had actual notice and knowledge of at the time it obtained title for no consideration from Rebecca Weisz who is a member of PJK." In its answer, the defendant asserted several affirmative defenses, including that the plaintiff lacked standing and that the action was time-barred.
On May 13, 2021, the plaintiff moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. The defendant argued, inter alia, that the plaintiff failed to establish that it had standing to enforce [*2]the mortgage and that the action was time-barred.
In further support of its motion and in opposition to the defendant's cross-motion, the plaintiff submitted the affidavit of Harrison Whittaker, a senior loan analyst employed by Ocwen Financial Corporation (hereinafter Ocwen), whose indirect subsidiary, PHH Mortgage Corporation (hereinafter PHH), is the plaintiff's loan servicer and attorney-in-fact. Whittaker stated that he was familiar with PHH and PHH's records and record-keeping practices and that the records of prior servicers had been incorporated into PHH's records and relied upon by PHH in the regular course of business. Whittaker stated that the plaintiff took possession of the original "wet ink" note on February 1, 2006. Whittaker attached a business record stating that the note was delivered to the plaintiff on February 1, 2006. The record included the notation "A Weisz" in the upper left corner.
The plaintiff also submitted copies of the note. The note bore no endorsements and had no allonges attached.
In an order dated March 17, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
The Supreme Court erred in granting the plaintiff's motion for summary judgment on the complaint. Contrary to the plaintiff's contention, a plaintiff must demonstrate standing in order to enforce a previously unrecorded mortgage (see Bayview Loan Servicing, LLC v Healey, 229 AD3d 749, 752; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1222-1223).
A plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Hadar, 206 AD3d 688, 689). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the . . . action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see U.S. Bank N.A. v Hadar, 206 AD3d at 689). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Although the plaintiff established, prima facie, that it had possession of the original "wet ink" note prior to commencing the instant action (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209), the plaintiff failed to demonstrate that the note was properly endorsed. "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a[n] . . . action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (U.S. Bank N.A. v Moulton, 179 AD3d 734, 737; see LNV Corp. v Allison, 206 AD3d 710, 712). Here, the instant note bore no endorsements and had no allonges attached. Thus, the plaintiff failed to establish, prima facie, that it had standing to enforce the mortgage, and the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.
However, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Although the plaintiff failed to establish, prima facie, that it had standing to enforce the mortgage, the defendant failed to submit any evidence to establish, prima facie, that the plaintiff lacked standing to enforce the mortgage (see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926). Moreover, contrary to the defendant's contention, the instant action, pursuant to RPAPL article 15, seeking a declaratory judgment determining claims to real property, was timely commenced (see Downes v Peluso, 115 AD2d 454, 454; Egrini v County of Suffolk, 157 Misc 2d 988, 990-991 [Sup Ct, Suffolk County]).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court